ORIGINAL

Daniel C. Girard (CA Bar No. 114826)
Alex C. Turan (CA Bar No. 227273)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Attorneys for Plaintiff Bay Area Truck Services

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

BAY AREA TRUCK SERVICES, a division of TESI
LEASING, INC., a California Corporation, on behalf
of itself and all others similarly situated,

           Plaintiff,

vs.

CHAMPION LABORATORIES, INC.; UNITED
COMPONENTS, INC.; PUROLATOR FILTERS N.A.
LLC; HONEYWELL INTERNATIONAL, INC.; WIX
FILTRATION CORP. LLC; CUMMINS
FILTRATION, INC.; THE DONALDSON
COMPANY; BALDWIN FILTERS, INC.; BOSCH
U.S.A.; MANN + HUMMEL U.S.A., INC.;
ARVINMERITOR, INC.; AND DOES 1 TO 10,

           Defendants.

Case No.

**CV 08 3096**

CLASS ACTION COMPLAINT

DEMAND FOR JURY TRIAL

**PVT**

*E-filing*

Plaintiff Bay Area Truck Services, a division of TESI Leasing, Inc., ("Plaintiff") on behalf of

itself and all other indirect purchasers similarly situated in the class defined below, brings this action for

damages and injunctive relief against the above-named Defendants, and alleges as follows upon

information and belief:

## JURISDICTION AND VENUE

1.     This complaint is filed under Section 16 of the Clayton Act (15 U.S.C. §26) to

obtain injunctive relief for violations of Section 1 of the Sherman Act (15 U.S.C. §1), and under state

1

antitrust and consumer protection laws to recover damages and costs of suit, including reasonable attorneys' fees, for the injuries that Plaintiff and all others similarly situated sustained as a result of the Defendants' violations of those laws.

2.    The Court has jurisdiction over the federal claim under 28 U.S.C. §§1331 and 1337. The Court has jurisdiction over the state law claims under 28 U.S.C. §1367 because those claims are so related to the federal claim that they form part of the same case or controversy. The Court also has jurisdiction over the state law claims under 28 U.S.C. §1332 because the amount in controversy for the Class exceeds $5,000,000, and there are members of the Class who are citizens of a different state than the Defendants.

3.    Venue is proper in this District under 15 U.S.C. §22 and 28 U.S.C. §1391 because Defendants reside, transact business, or are found within this District, and a substantial part of the events giving rise to the claims arose in this District.

4.    The activities of the Defendants and their co-conspirators, as described herein, were within the flow of, were intended to, and had a substantial effect on the foreign and interstate commerce of the United States.

## DEFINITIONS

5.    The term "Filters" includes, among other things, replacement oil, fuel, engine air, cabin air, coolant, hydraulic, and transmission filters manufactured by Defendants. Filters are utilized to remove contaminants from combustion engines and related systems. Oil filters remove contaminants from the motor oil used to lubricate an engine's pistons. Fuel filters primarily screen dirt and rust particles from an engine's fuel lines. Air filters prevent particulate matter from entering an engine's cylinders. Cabin air filters prevent particulate matter from entering the passenger cabin area. Coolant filters prevent contaminants from entering an engine's coolant system. Hydraulic and transmission filters remove contaminants from the hydraulic systems and the transmission, respectively.

6.    The term "Aftermarket" means the market for replacement automotive parts, including the Filters that are purchased to replace the original equipment Filters that come installed with a new car or truck.

CLASS ACTION COMPLAINT

7.    The term "Class Period" means the time period extending from at least January 1, 2002 through at least the date of filing this complaint.

8.    The term "Defendants" means the entities listed on the caption page of this complaint.

## THE PARTIES

### The Plaintiff

9.    Plaintiff Bay Area Truck Services is a division of TESI Leasing, Inc., a California corporation, and is located in San Jose, California. Plaintiff purchased Filters indirectly from one or more of the Defendants, their subsidiaries, and/or co-conspirators during the Class Period, paid artificially inflated prices for those purchases, and was injured as a result of Defendants' illegal conduct alleged in this complaint.

### The Defendants

10.    Defendant Purolator Filters N.A. L.L.C. is headquartered in Fayetteville, North Carolina, with a principal place of business located at 3200 Natal Street, Fayetteville, North Carolina 28306. Purolator Filters N.A. L.L.C. is a joint venture between Bosch U.S.A. and Mann + Hummel U.S.A., Inc. Purolator conducts business both directly with and through wholly owned subsidiaries in the United States. During the Class Period, Purolator manufactured and sold Filters to customers throughout the United States under the following brand names: PureOne Oil Filters, Premium Plus Oil Filters, PureOne Air Filters, Premium Plus Media Air Filters, and BreatheEasy Cabin Air Filters.

11.    Defendant Bosch U.S.A. ("Bosch") is headquartered in Broadview, Illinois, with its principal place of business at 2800 S. 25th Avenue, Broadview, Illinois, 60155. Bosch U.S.A. is the regional branch in the United States for Robert Bosch GmbH, a privately held company with its principal place of business in Germany. During the Class Period, Bosch manufactured, sold, and distributed Filters to customers throughout the United States principally under the following brand names: Bosch Premium Cabin Filters, Bosch Particulate Filters, Bosch Activated Charcoal Filters, Bosch Fuel Filters, and Bosch Filtech Oil Filters.

3

CLASS ACTION COMPLAINT

12.     Defendant Mann + Hummel U.S.A., Inc., ("Mann + Hummel") is a subsidiary of the Mann + Hummel Group, a company located in Germany.  Mann + Hummel U.S.A., Inc. is headquartered in Portage, Michigan, with its business address at 6400 S. Sprinkle Road, Portage, Michigan 49002.  During the Class Period, Mann + Hummel manufactured, sold, and distributed Filters to customers throughout the United States primarily under the Mann Filter brand name.

13.     Defendant ArvinMeritor, Inc. is an Indiana corporation with its principal place of business located at 2135 West Maple Road, Troy, Michigan 48084.  It manufactured, sold, and distributed Filters to customers throughout the United States during the Class Period.  ArvinMeritor, Inc. owned Purolator Filters N.A. L.L.C. from January 1999 through March 2006, at which time it sold that company to Bosch U.S.A. and Mann + Hummel U.S.A., Inc.  In the remainder of this complaint, Purolator Filters N.A. L.L.C., Bosch U.S.A., Mann + Hummel U.S.A., Inc., and ArvinMeritor, Inc. shall be collectively referred to as "Purolator."

14.     Defendant Champion Laboratories, Inc. ("Champion") is headquartered in Albion, Illinois, with its principal place of business located at 200 S. Fourth Street, Albion, Illinois 62806.  It conducts business both directly and through wholly owned and dominated subsidiaries in the United States.  During the Class Period, Champion manufactured, sold, and distributed Filters to customers throughout the United States under the following Brand names:  Champ Quality Filters, Champ Quality Air Filters, Kleener Cabin Air Filters, Champ Quality Fuel Filters, Champ Quality Transmission Filters, and PetroClear Dispensing Filters.  Through its subsidiary Luber Finer, Champion manufactures and distributes heave-duty filters for the transportation, off road/mining, marine, agriculture, and automotive and light truck markets.

15.     Defendant United Components, Inc. ("UCI") is a Delaware corporation with its principal place of business located at 14601 Highway 41 N, Evansville, Indiana 47725.  UCI is the parent company of Champion.  UCI is owned by the Carlyle Group, a private investment partnership located at 1001 Pennsylvania Avenue NW 3220, Washington, D.C.  It conducted business both directly and through wholly owned and dominated subsidiaries in the United States during the Class Period.

4

16.    Defendant Wix Filtration Corp. L.L.C. ("Wix") is a limited liability company with its principal place of business located at 1 Wix Way, Gastonia, North Carolina 28054. During the Class Period, Wix manufactured, sold, and distributed Filters to customers throughout the United States under the Wix brand name.

17.    Defendant Honeywell International, Inc. ("Honeywell") is a Delaware corporation with its principal place of business located at 101 Columbia Road, Morristown, New Jersey 07962. During the Class Period, Honeywell manufactured, sold, and distributed Filters to customers throughout the United States principally under the Fram brand name.

18.    Defendant Cummins Filtration, Inc. ("Cummins") is a wholly owned subsidiary of Cummins, Inc., a NYSE listed company, with its principal place of business located at 2931 Elm Hill Pike, Nashville, Tennessee 37214. During the Class Period, Cummins manufactured, sold, and distributed Filters to customers throughout the United States under the following brand names: OptiAir, Magnum RS, Direct Flow, Fleetguard FS 1000, Fuel Filter pro, Diesel Pro Filters, Industrial Pro Filter, Duramax, and Venturi Combo System.

19.    Defendant The Donaldson Company ("Donaldson") is a Delaware corporation with its principal place of business located at 1400 West 94th Street, Bloomington, Minnesota 55431. During the Class Period, Donaldson manufactured, sold, and distributed Filters to customers throughout the United States under the Donaldson brand name.

20.    Defendant Baldwin Filters, Inc. ("Baldwin") is a corporation with its principal place of business located at 4400 E. Highway 30, Kearney, Nebraska 68848. During the Class Period, Baldwin manufactured, sold, and distributed Filters to customers throughout the United States under the Baldwin brand name.

21.    Defendant Does 1 to 10 are presently unknown to Plaintiff and their identities are in the exclusive knowledge of the named Defendants. This complaint will be amended when their true identities are known.

**Co-Conspirators**

22.    Various others, presently unknown to Plaintiff, participated as co-conspirators with the Defendants in the violations of law alleged in this complaint and engaged in conduct and made statements in furtherance thereof.

23.    The acts charged in this complaint were performed by Defendants and their co-conspirators, or were authorized, ordered or performed by their respective officers, agents, employees or representatives while actively engaged in the management of each Defendant's business or affairs.

24.    Each of the Defendants acted as the agent or joint venturer of or for the other Defendants with respect to the acts, violations and common course of conduct alleged here.

## CLASS ACTION ALLEGATIONS

25.    Plaintiff brings this suit as a class action pursuant Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of itself and a Plaintiff Class ("the Class") composed of and defined as follows:

> All persons or entities who, during the period from January 1, 2002 to the present, purchased automotive Filters in the United States indirectly from the Defendants or any of their parents, affiliates, subsidiaries, predecessors or successors in interest at any time.

> Specifically excluded from this Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

26.    This action has been brought and may be properly maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

    a.    The Class is ascertainable and there is a well-defined community of interest among the members of the Class;

    b.    Based on the nature of the trade and commerce involved and the number of indirect purchasers of Filters, Plaintiff believes that the members of the Class

CLASS ACTION COMPLAINT

number in the thousands, and therefore is sufficiently numerous that joinder of all Class members is not practicable;

c.  Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff indirectly purchased Filters from one or more of the Defendants or their co-conspirators, and therefore Plaintiff's claims arise from the same common course of conduct giving rise to the claims of the members of the Class and the relief sought is common to the Class;

d.  The following common questions of law or fact, among others, exist as to the members of the Class:

   i.   whether Defendants formed and operated a combination or conspiracy to fix, raise, maintain or stabilize the prices of, or allocate the market for, Filters;

   ii.  whether the combination or conspiracy caused Filter prices to be higher than they would have been in the absence of Defendants' conduct;

   iii. the operative time period of Defendants' combination or conspiracy;

   iv.  whether Defendants' conduct caused injury to the business or property of Plaintiff and the members of the Class;

   v.   the appropriate measure of the amount of damages suffered by the Class;

   vi.  whether Defendants' conduct violates Section 1 of the Sherman Act;

   vii. whether Defendants' conduct violates Sections 16720 and 17200 of the California Business and Professions Code;

   viii. whether Defendants' conduct violates the antitrust, unfair competition, and consumer protection laws of the other states as alleged below; and

   ix.  the appropriate nature of class-wide equitable relief.

e.  These and other questions of law or fact which are common to the members of the Class predominate over any questions affecting only individual members of the Class;

7

f. After determination of the predominate common issues identified above, if necessary or appropriate, the Class can be divided into logical and manageable subclasses;

g. Plaintiff will fairly and adequately protect the interests of the Class in that Plaintiff has no interests that are antagonistic to other members of the Class and has retained counsel competent and experienced in the prosecution of class actions and antitrust litigation to represent itself and the Class;

h. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual joinder of all damaged Class members is impractical. The damages suffered by individual Class members are relatively small, given the expense and burden of individual prosecution of the claims asserted in this litigation. Thus, absent the availability of class action procedures, it would not be feasible for Class members to redress the wrongs done to them. Even if the Class members could afford individual litigation, the court system could not. Further, individual litigation presents the potential for inconsistent or contradictory judgments and would greatly magnify the delay and expense to all parties and to the court system. Therefore, the class action device presents far fewer case management difficulties and will provide the benefits of unitary adjudication, economy of scale and comprehensive supervision by a single court;

i. Defendants have acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole; and

j. In the absence of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of their wrongful conduct.

27. The claims in this case are also properly certifiable under the laws of the State of California, and of the other individual states identified below in the Fourth and Fifth Claims for Relief.

8

CLASS ACTION COMPLAINT

## NATURE OF THE FILTERS INDUSTRY

28.     The Filter market is highly susceptible to cartel activity.  The factors include market concentration, the commodity nature of Filters, including both interchangeability and price as the primary drive of sales, barriers to entry, inelastic demand, and lack of substitutes for the product.

29.     A high degree of concentration facilitates the operation of the illegal agreement alleged here because it makes it easier to coordinate behavior among possible co-conspirators and makes it more difficult for customers to avoid the effects of collusive behavior.  The market for Aftermarket automotive Filters is highly concentrated and Defendants control at least 90% of the sales of these products.

30.     Filters are considered to be inter-changeable, undifferentiated products.  All Filters must undergo testing by the Society of Automotive Engineers ("SAE") to ensure that they meet vehicle manufacturers' specifications.  An industry report notes that vehicle manufacturers have done a better job utilizing a small number of oil filters to cover all of their engine applications.  Thus, there are fewer part numbers in the Aftermarket Filter line than other Aftermarket automotive products.

31.     Price is the key driver of sales of Filters.  According to an industry report, purchasers surveyed for the report considered price to be the most important factor in their purchases of Filters.

32.     The presence of significant barriers to entry in the market for Filters makes new entry into the industry by others difficult and helps facilitate the operation of a cartel.  In the Aftermarket automotive Filter market, barriers to entry arise primarily from the need for significant start-up capital expenditures, initial product depth within a product line, distribution infrastructure, and long-standing customer relationships.

33.     There is significant evidence that demand for Filters is inelastic, or in other words, does not change significantly, if at all, in the face of price changes.  It is well established in economics that goods that form a small share of customer expenditure exhibit inelastic demand because consumers are less likely to change consumption patterns when the absolute price increase is limited.  Since the cost of Filters is a small part of the cost of owning and maintaining an automobile and vehicle

9

manufacturers either require or strongly encourage filter changes at specific intervals, Class Members do not decrease their use of Filters when prices increase.

34.     There are no reasonable substitutes for Filters. Vehicle owners have little choice but to have the auto Filters in their vehicles replaced because they tend to become less effective over time and are necessary for the operation of their cars. Replacement Filters are purchased to replace the original equipment Filters included in new cars.

35.     Filters are primarily sold into two separate channels: to Original Equipment Manufacturers and to Aftermarket sellers of replacement Filters. This complaint concerns the market for Aftermarket Filters.

36.     The market for Filters in the United States is highly concentrated, with only a handful of major manufacturers producing these products. This concentration, as well as interlocking business arrangements, assisted Defendants in successfully implementing their conspiracy. For example, during April 2006, ArvinMeritor sold Purolator to Bosch and Mann + Hummel. Bosch and Mann + Hummel now operate Purolator as a joint venture. Mann + Hummel Chief Executive Officer Dieter Seipler stated that "it was a natural alliance because Bosch is a major private-brand customer for Mann + Hummel in Europe and in other regions of the world."

37.     Annual revenues for the market for Filters in the United States are approximately $3 billion to $5 billion.

38.     On January 19, 2006, William G. Burch, a former employee of both Purolator and Champion, filed a complaint against Champion in state court in Tulsa, Oklahoma, alleging, among other things, that he was wrongfully terminated from his employment with Champion for knowing about, and subsequently reporting to authorities, the antitrust violations alleged in this complaint.

39.     On March 25, 2008, Burch, who was a former National Accounts and Division Sales Manager for Champion, executed an affidavit under oath in the case captioned *Champion Laboratories, Inc. v. Burch,* 06-CV-4031 (JPG) (S.D. Ill.). This affidavit, which is made on the basis of personal knowledge, states as follows:

10

CLASS ACTION COMPLAINT

a. Burch "became aware that Champion was involved in activities with Champion's competitors that constitute price-fixing. For example, Champion provided information concerning price increases to competitors before it provided that information to consumers or to the general public. Champion was also given advance information about price increases by its competitors. Further information is set forth accurately and in detail in the mediation statement dated September 21, 2007, that [Burch] understand[s] will be filed under seal in this case."

b. Burch also stated that "[d]uring the time [he] worked for Champion, [he] was directed by Champion to conduct discussions regarding 'pricing' with employees of competitors of Champion. [He] refused to conduct those discussions."

40.     Many of the allegations contained in this complaint, particularly those with respect to the specifics of meetings between Defendants, are based on alleged recorded conversations and the personal knowledge of this former employee.

41.     As Division Sales Manager responsible for monitoring and coordinating terms of sales, Burch was privy to, among other things, exchanges of confidential pricing materials by which Defendants unlawfully agreed to the timing and magnitude of price increases throughout the Class Period. These include, among other acts, the following:

a. On June 29, 1999, a Purolator executive faxed an executive at Honeywell a letter that announced a 6% increase on all Purolator Filters effective August 15, 1999, but did not send a price increase notification to Purolator's custom ers until July 1999;

b. At a trade convention called the Heritage Show that took place during May 1999, Defendants' representatives agreed in person, on behalf of their respective employers, to raise prices for Filters; Defendants later raised prices in accordance with the agreements reached at that convention;

c. During February 2004, Champion's President i nformed his sales team that Champion was about to raise prices and told them to make sure Champion's competitors were aware of the increase and adjusted their prices accordingly, both in timing and amount, pursuant to wrongful agreements previously

CLASS ACTION COMPLAINT

reached, which the employees accomplished by meeting with Defendants' representatives;

d.  During 2004, an internal Champion e-mail with the subject line "Price Increases" confirmed that the other Defendants were in agreement regarding a coordinated price increase; and

e.  Pursuant to the unlawful agreement, Defendants each instituted similar price increases, in amounts of approximately 4-6% at the same time.

42.  Defendants engaged in repeated in-person meetings to further their anticompetitive scheme.  Many of such meetings occurred at the annual Filter Manufacturers Council meeting in Nashville, Tennessee.  The Filter Manufacturers Council is a trade association comprised of the Defendants and other industry participants.

## DEFENDANTS' ILLEGAL CONDUCT

43.  During the Class Period, Defendants and their co-conspirators conspired, contracted, or combined to fix, raise, maintain, or stabilize prices, rig bids, and allocate customers for Filters in the United States.  They accomplished this through, among other methods, in-person meetings at industry trade shows and other locations, and exchanges of confidential communications regarding pricing.

44.  The purpose of these secret, conspiratorial meetings, discussions, and communications was to ensure that all of the Defendants agreed to participate in and implement an unlawful, continuing price-fixing scheme.

45.  As a result of their unlawful agreement, Defendants implemented at least three coordinated price increases, rigged bids, and allocated customers for Filters during the Class Period.

46.  In formulating and effectuating their contract, combination or conspiracy, Defendants and their co-conspirators engaged in anticompetitive activities, including:

a.  Exchanging pricing information for Filters sold in the United States;

b.  Exchanging information concerning price increases on Filters before publishing that information to customers or the general public;

12

## CLASS ACTION COMPLAINT

c.    Engaging in discussions regarding pricing of Filters;

d.    Authorizing the participation of employees in conspiratorial discussions regarding the pricing of Filters;

e.    Generally agreeing to fix, raise, and/or maintain prices of Filters in the United States and to allocate Filters customers in the United States.

47.    Defendants' conduct during the Class Period foreclosed price competition to maintain supra-competitive prices for their filters.

48.    Absent their coordinated activity, Defendants would have been forced to compete on price, or risk losing customers of Filters, including Plaintiff. With unrestrained competition, Defendants would have been forced to forego their price increases altogether, implement smaller ones, or even decrease their prices to retain customers.

49.    The likelihood that Defendants would have moderated their price increases or decreased their prices is particularly strong partly because of Champion's  developments in filter technology, which reduced the amount of steel – a principal raw ingredient – used in its Filters.

50.    During the Class Period, Plaintiff purchased Filters indirectly from Defendants, their subsidiaries, agents, or co-conspirators, and by reason of the antitrust violations alleged here, paid more for Filters than it would have paid in the absence of those violations. As a result, Plaintiff and the Class members sustained damages to their business and property in an amount to be determined at trial.

**ACTIVE CONCEALMENT**

51.    Throughout the Class Period, Defendants and their co-conspirators affirmatively and fraudulently concealed their unlawful conduct from Plaintiff. Defendants and their co-conspirators conducted their conspiracy by engaging in secret meetings and communications in furtherance of their conspiracy, and by holding themselves out to the public and their customers, including Plaintiff, as true competitors.

52.    Plaintiff and the Class members did not discover, and could not have discovered, through the exercise of reasonable diligence, that Defendants and their co-conspirators were violating

13

the antitrust laws until shortly before this litigation was commenced, because Defendants and their co-conspirators used, and continue to use, deceptive and secret methods to avoid detection of and to affirmatively conceal their violations.  Nor could Plaintiff or the Class members have discovered the violations earlier than that time because Defendants and their co-conspirators conducted their conspiracy secretly, concealed the nature of their unlawful conduct and acts in furtherance of their conduct, and fraudulently concealed their activities through various other means and methods designed to avoid detection.

53.    Defendants committed additional overt acts in furtherance of their conspiracy within and prior to four years of the date of this complaint, including the illegal meetings and communications regarding Filter prices described in this complaint.

54.    In addition, Defendants concealed their conspiracy in several other ways, including public announcements that the price increases of Filters were due to the increases in the price of steel and that they were meeting the price increases of their competitors.

55.    As a result of the active concealment of the conspiracy by Defendants and their co-conspirators, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

## VIOLATIONS ALLEGED

### First Claim for Relief

### (Violation of Section 1 of the Sherman Act)

56.    Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

57.    Beginning at a time presently unknown to Plaintiff, but at least as early as January 1, 1999 and continuing through the present, the exact dates being unknown to Plaintiff, Defendants and their co-conspirators entered into a continuing agreement, understanding, and conspiracy in restraint of trade to artificially raise, fix, maintain, and/or stabilize prices for Filters in the United States, in violation of Section 1 of the Sherman Act (15 U.S.C. §1).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

58.     In formulating and carrying out their agreement, understanding, and conspiracy, the Defendants and their co-conspirators did those things that they combined and conspired to do, including but not limited to the acts, practices, and course of conduct set forth above, and the following, among others:

    a.   To fix, raise, maintain and stabilize the price of Filters;

    b.   To allocate markets for Filters among themselves;

    c.   To submit rigged bids for the award and performance of certain Filters contracts; and

    d.   To allocate among themselves and collusively reduce the production of Filters.

59.     The combination and conspiracy alleged here had the following effects, among others:

    a.   Price competition in the sale of Filters has been restrained, suppressed, and/or eliminated in the United States;

    b.   Prices for Filters sold by Defendants and their co-conspirators have been fixed, raised, maintained and stabilized at artificially high, non-competitive levels throughout the United States; and

    c.   Those who purchased Filters directly or indirectly from Defendants and their co-conspirators have been deprived of the benefits of free and open competition.

60.     Plaintiff has been injured and will continue to be injured in its business and property by paying more for Filters purchased indirectly from Defendants and their co-conspirators than it would have paid and will pay in the absence of the combination and conspiracy, including paying more for products in which a Filter(s) is a component as a result of higher prices paid for Filters by the manufacturers of those products.

61.     Plaintiff and the class are entitled to an injunction against Defendants, preventing and restraining the violations alleged here.

15

CLASS ACTION COMPLAINT

**<u>Second Claim for Relief</u>**

**(Violation of the California Cartwright Act)**

62.    Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

63.    Defendants' contract, combination, trust or conspiracy was centered in, carried out, effectuated and perfected mainly within the State of California, and Defendants' conduct within California injured all members of the Class throughout the United States. Therefore, this claim for relief under California law is brought on behalf of all members of the Class, whether or not they are California residents.

64.    Beginning at a time presently unknown to Plaintiff, but at least as early as January 1, 2002, and continuing to the present, Defendants and their co-conspirators entered into and engaged in a continuing unlawful trust in restraint of the trade and commerce described above in violation of Section 16720 of the California Business and Professional Code. Defendants acted in violation of Section 16720 to fix, raise, stabilize and maintain prices of, and allocate markets for Filters at supra-competitive levels.

65.    These violations of Section 16720 of the California Business and Professions Code consisted of a continuing unlawful trust and concert of action among the Defendants and their co-conspirators, the substantial terms of which were to fix, raise, maintain and stabilize the prices of, and to allocate markets for, Filters.

66.    For the purpose of forming and effectuating the unlawful agreement, the Defendants and their co-conspirators did those things which they combined and conspired to do, including the acts, practices and course of conduct alleged above and the following:

    a.  To fix, raise, maintain and stabilize the price of Filters;

    b.  To allocate markets for Filters amongst themselves;

    c.  To submit rigged bids for the award and performance of certain Filters contracts; and

    d.  To allocate amongst themselves the production of Filters.

CLASS ACTION COMPLAINT

67.    The combination and conspiracy alleged here had the following effects: Price competition in the sale of Filters has been restrained, suppressed and/or eliminated in the State of California and throughout the United States;

a.    Prices for Filters sold by Defendants and their co-conspirators have been fixed, raised, maintained and stabilized at artificially high, non-competitive levels in the State of California and throughout the United States; and

b.    Those who purchased Filters from Defendants and their co-conspirators have been deprived of the benefit of free and open competition.

68.    Plaintiff and the other members of the Class paid supra-competitive, artificially inflated prices for Filters.

69.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the members of the Class have been injured in their business and property because they paid more for Filters than they otherwise would have paid in the absence of Defendants' unlawful conduct.

70.    As a result of Defendants' violation of Section 16720 of the California Business and Professions Code, Plaintiff seeks treble damages and the costs of suit, including reasonable attorneys' fees, pursuant to Section 16750(a) of the California Business and Professions Code.

**Third Claim for Relief**

**(Violation of the California Unfair Competition Law)**

71.    Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

72.    Defendants' business acts and practices were centered in, carried out, effectuated and perfected mainly within the State of California, and Defendant's conduct within California injured all members of the Class throughout the United States.  Therefore, this claim for relief under California law is brought on behalf of all members of the Class, whether or not they are California residents.

73.    Beginning on a date unknown to Plaintiff, but at least as early as January 1, 2002, and afterward, Defendants committed and continue to commit acts of unfair competition, as defined by

17

**CLASS ACTION COMPLAINT**

Sections 17200 *et seq.* of the California Business and Professions Code, by engaging in the acts and practices specified above.

74.     This Claim is instituted pursuant to Sections 17203 and 17204 of the California Business and Professions Code, to obtain restitution from these Defendants for acts that violated Section 17200 of the California Business and Professions Code, commonly known as the Unfair Competition Law.

75.     The Defendants' conduct violated Section 17200. The acts, omissions, misrepresentations, practices and non-disclosures of Defendants constituted a common continuous and continuing course of conduct of unfair competition by means of unfair, unlawful and/or fraudulent business acts or practices within the meaning of California Business and Professions Code, Section 17200 *et seq.*, including the following:

    a.  The violations of Section 1 of the Sherman Act, as set forth above;

    b.  The violations of Section 16720, *et seq.*, of the California Business and Professions Code, set forth above;

    c.  Defendants' acts, omissions, misrepresentations, practices and non-disclosures, as described above, whether or not in violation of Section 16720, *et seq.* of the California Business and Professions Code, and whether or not concerted or independent acts are otherwise unfair, unconscionable, unlawful or fraudulent;

    d.  Defendants' acts and practices are unfair to consumers of Filters in the State of California and throughout the United States within the meaning of Section 17200 of the California Business and Professions Code; and

    e.  Defendants' acts and practices are fraudulent or deceptive within the meaning of Section 17200 of the California Business and Professions Code.

76.     Plaintiff and each of the Class members are entitled to full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Defendants as a result of their illegal business acts or practices as alleged here.

77.     The illegal conduct alleged here is continuing and there is no indication that Defendants will not continue such activity into the future.

78.     The unlawful and unfair business practices of Defendants, as described above, caused and continue to cause Plaintiff and the members of the Class to pay supra-competitive and artificially-inflated prices for Filters.  Plaintiff and the members of the class suffered injury in fact and lost money or property as a result.

79.     As alleged below, Defendants and their co-conspirators have been unjustly enriched as a result of their wrongful conduct and by Defendants' unfair competition.  Pursuant to the California Business and Professions Code, Sections 17203 and 17204, Plaintiff and the members of the Class are entitled to equitable relief including restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which Defendants obtained as a result of such business practices,.

## **Fourth Claim for Relief**

### **(Violation of State Antitrust and Unfair Competition Laws)**

80.     Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

81.     By reason of the foregoing, Defendants entered into agreements in restraint of trade in violation of Alabama Code §§8-10-1 *et seq.*

82.     By reason of the foregoing, Defendants entered into agreements in restraint of trade in violation of Arizona Revised Stat. §§44-1401 *et seq.*

83.     By reason of the foregoing, Defendants entered into agreements in restraint of trade in violation of California Bus. & Prof. Code §§16700 *et seq.* and Cal. Bus. & Prof. Code §§17200 *et seq.*

84.     By reason of the foregoing, Defendants entered into agreements in restraint of trade in violation of District of Columbia Code Ann. §§28-4503 *et seq.*

85.     By reason of the foregoing, Defendants entered into agreements in restraint of trade in violation of Iowa Code §§553.1 *et seq.*

19

CLASS ACTION COMPLAINT

86.    By reason of the foregoing, Defendants entered into agreements in restraint of trade in violation of Kansas Stat. Ann. §§50-101 *et seq.*

87.    By reason of the foregoing, Defendants entered into agreements in restraint of trade in violation of Maine Rev. Stat. Ann. 10, §§1101 *et seq.*

88.    By reason of the foregoing, Defendants entered into agreements in restraint of trade in violation of Michigan Comp. Laws. Ann. §§445.773 *et seq.*

89.    By reason of the foregoing, Defendants entered into agreements in restraint of trade in violation of Minnesota Stat. §§325D.52 *et seq.*

90.    By reason of the foregoing, Defendants entered into agreements in restraint of trade in violation of Mississippi Code Ann. §75-21-1 *et seq.*

91.    By reason of the foregoing, Defendants entered into agreements in restraint of trade in violation of Nebraska Rev. Stat. §§59-801 *et seq.*

92.    By reason of the foregoing, Defendants entered into agreements in restraint of trade in violation of Nevada Rev. Stat. Ann. §§598A *et seq.*

93.    By reason of the foregoing, Defendants entered into agreements in restraint of trade in violation of New Mexico Stat. Ann. §§57-1-1 *et seq.*

94.    By reason of the foregoing, Defendants entered into agreements in restraint of trade in violation of North Carolina Gen. Stat. §§75-1 *et seq.*

95.    By reason of the foregoing, Defendants entered into agreements in restraint of trade in violation of North Dakota Cent. Code §§51-08.1-01 *et seq.*

96.    By reason of the foregoing, Defendants entered into agreements in restraint of trade in violation of the Pennsylvania common law.

97.    By reason of the foregoing, Defendants entered into agreements in restraint of trade in violation of South Dakota Codified Laws Ann. §§37-1 *et seq.*

98.    By reason of the foregoing, Defendants entered into agreements in restraint of trade in violation of Tennessee Code Ann. §§47-25-101 *et seq.*

CLASS ACTION COMPLAINT

99.    By reason of the foregoing, Defendants entered into agreements in restraint of trade in violation of Vermont Stat. Ann. 9 §§2453 *et seq.*

100.    By reason of the foregoing, Defendants entered into agreements in restraint of trade in violation of West Virginia §§47-18-1 *et seq.*

101.    By reason of the foregoing, Defendants entered into agreements in restraint of trade in violation of Wisconsin Stat. §§133.01 *et seq.*

102.    The above violations of state antitrust laws consisted of a continuing unlawful trust and concert of action among Defendants and their co-conspirators, the substantial terms of which were to fix, raise, maintain, and stabilize prices of, and allocate markets for, Filters.

103.    For the purpose of forming and effectuating the unlawful trust, Defendants and their co-conspirators have done things which they combined and conspired to do, including the acts, practices, and course of conduct set forth above and the following:

    a.    To fix, raise, maintain, and stabilize the price of filters;

    b.    To allocate markets for Filters amongst themselves;

    c.    To submit rigged bids for the award and performance of certain Filters contracts; and

    d.    To allocate among themselves the production of Filters.

104.    The combination and conspiracy alleged here had the following effects:

    a.    Price competition in the sale of Filters has been restrained, suppressed and/or eliminated in the states referenced in this Claim for Relief, and throughout the United States;

    b.    Prices for Filters sold by Defendants and their co-conspirators have been fixed, raised, maintained, and stabilized at artificially high, non-competitive levels in the states referenced in this Claim for Relief, and throughout the United States; and

    c.    Those who purchased Filters from Defendants and their co-conspirators have been deprived of the benefit of free and open competition.

21

CLASS ACTION COMPLAINT

105.    Class Members in each of the states listed above paid supra-competitive, artificially inflated prices for Filters. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the members of the Class have been injured in their business and property in that they paid more for Filters than they otherwise would have paid in the absence of Defendants' unlawful conduct.

106.    As a result of Defendant's violations of the statutes above, Plaintiff and the Class members seek damages and costs of suit, including reasonable attorneys' fees.

**Fifth Claim for Relief**

**(Violation of State Consumer Protection and Unfair Competition Laws)**

107.    Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

108.    Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the state consumer protection and unfair competition statutes listed below.

109.    Defendants engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. §§45.50.471 *et seq.*

110.    Defendants engaged in unfair competition or unfair or deceptive acts or practices in violation of Arkansas Code §4-88-101 *et seq.*

111.    Defendants engaged in unfair competition or unfair or deceptive acts or practices in violation of California Bus. & Prof. Code §17200 *et seq.*

112.    Defendants engaged in unfair competition or unfair or deceptive acts or practices in violation of District of Columbia Code §28-3901 *et seq.*

113.    Defendants engaged in unfair competition or unfair or deceptive acts or practices in violation of Florida Stat. §501.201 *et seq.*

114.    Defendants engaged in unfair competition or unfair or deceptive acts or practices in violation of Hawaii Rev. Stat. §480 *et seq.*

115.    Defendants engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code §48-601 *et seq.*

CLASS ACTION COMPLAINT

1         116.    Defendants engaged in unfair competition or unfair or deceptive acts or practices

2 in violation of Kansas Stat. §50-623 *et seq.*

3         117.    Defendants engaged in unfair competition or unfair or deceptive acts or practices

4 in violation of Louisiana Rev. Stat. §51:1401 *et seq.*

5         118.    Defendants engaged in unfair competition or unfair or deceptive acts or practices

6 in violation of 5 Maine Rev. Stat. §207 *et seq.*

7         119.    Defendants engaged in unfair competition or unfair or deceptive acts or practices

8 in violation of Montana Code §30-14-101 *et seq.*

9

10         120.    Defendants engaged in unfair competition or unfair or deceptive acts or practices

in violation of Nebraska Rev. Stat. §59-1601 *et seq.*

11

12         121.    Defendants engaged in unfair competition or unfair or deceptive acts or practices

in violation of New Mexico Stat. §57-12-1 *et seq.*

13

14         122.    Defendants engaged in unfair competition or unfair or deceptive acts or practices

15 in violation of New York Gen. Bus. Law §349 *et seq.*

16         123.    Defendants engaged in unfair competition or unfair or deceptive acts or practices

17 in violation of North Carolina Gen. Stat. §75-1.1 *et seq.*

18         124.    Defendants engaged in unfair competition or unfair or deceptive acts or practices

19 in violation of Oregon Rev. Stat. §646.605 *et seq.*

20         125.    Defendants engaged in unfair competition or unfair or deceptive acts or practices

21 in violation of Rhode Island Gen. Laws. §6-13.1-1 *et seq.*

22         126.    Defendants engaged in unfair competition or unfair or deceptive acts or practices

23 in violation of South Carolina Code Laws §39-5-10 *et seq.*

24         127.    Defendants engaged in unfair competition or unfair or deceptive acts or practices

25 in violation of Utah Code §13-11-1 *et seq.*

26         128.    Defendants engaged in unfair competition or unfair or deceptive acts or practices

27 in violation of 9 Vermont §2451 *et seq.*

28

CLASS ACTION COMPLAINT

129.    Defendants engaged in unfair competition or unfair or deceptive acts or practices in violation of West Virginia Code §46A-6-101 *et seq.*

130.    Defendants engaged in unfair competition or unfair or deceptive acts or practices in violation of Wyoming Stat. §40-12-105.

131.    Class Members in the states listed above paid supra-competitive, artificially inflated prices for Filters. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the members of the Class have been injured in their business and property in that they paid more for Filters than they otherwise would have paid in the absence of Defendants' unlawful conduct.

### Sixth Claim for Relief

### (Unjust Enrichment and Disgorgement of Profits)

132.    Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

133.    Defendants have been unjustly enriched through overpayments by Plaintiff and Class members and the resulting profits.

134.    Under common law principles of unjust enrichment, Defendants should not be permitted to retain the benefits conferred via overpayments by Plaintiff and Class members.

135.    Plaintiff seeks disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and Class members may seek restitution.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1.    That the Court certify the Class under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure;

2.    That the unlawful conduct, contract, conspiracy or combination alleged here be adjudged to be a *per se* restraint of trade or commerce in violation of Section 1 of the Sherman Act, 15 U.S.C. §1, as alleged in the First Claim for Relief;

3.    That Defendants' conduct violates the state antitrust laws identified in the Second and Fourth Claims for Relief;

CLASS ACTION COMPLAINT

1    4.    That Defendants' conduct violates the state consumer protection and unfair

2    competition laws identified in the Third and Fifth Claims for Relief; and

3    5.    That Plaintiff and the Class recover damages, as provided by federal and state

4    antitrust laws, and that a joint and several judgment in favor of Plaintiff and the Class be entered against

5    the Defendants in an amount to be trebled in accordance with those laws;

6    6.    That Defendants be permanently enjoined and restrained from in any manner

7    continuing, maintaining, or renewing the conduct, contract, conspiracy or combination alleged here, or

8    from entering into any other contract, conspiracy or combination having a similar purpose or effect, and

9    from adopting or following any practice, plan, program, or device having a similar purpose or effect;

10   and

11

12   7.    That Plaintiff be awarded restitution, including disgorgement of profits obtained

13   by Defendants as a result of their acts of unfair competition and acts of unjust enrichment;

14   8.    That Plaintiff and members of the Class be awarded pre- and post-judgment

15   interest, and that that interest be awarded at the highest legal rate from and after the date of service of

16   the initial complaint in this action;

17   9.    That Plaintiff and members of the Class recover their costs of this suit, including

18   reasonable attorneys' fees as provided by law; and

19   10.   That Plaintiff and members of the Class have such other, further, and different

20   relief as the case may require and the Court may deem just and proper under the circumstances.

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1    DATED: June 26, 2008             Respectfully submitted,

2

3

4                                By:

5                                   Daniel C. Girard

                                   Alex C. Turan

6                                  **GIRARD GIBBS LLP**

7                                  601 California Street, 14th Floor

                                 San Francisco, California 94108

8                                  Telephone: (415) 981-4800

                                 Facsimile: (415) 981-4846

9

10                                  *Counsel for Plaintiff Bay Area Truck Services and the Proposed Indirect Purchaser Class*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
BAY AREA TRUCK SERVICES, a division of TESI LEASING, INC., a California Corporation, on behalf of itself and all others similarly situated

## DEFENDANTS
SEE ATTACHMENT A.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, CA 94108
TEL:(415) 981-4800; FAX (415) 981-4846

Attorneys (If Known)

ADR    PVT    E-filing

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                        and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☒ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Determination |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | Under Equal Access |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | to Justice |
| | Other | | Alien Detainee | | ☐ 950 Constitutionality of |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | State Statutes |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Sections 1 and 26.
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☐ SAN FRANCISCO/OAKLAND     ☒ SAN JOSE

DATE
June 26, 2008

SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL

08-3096 PVT

USDC – Northern District of California

*BAY AREA TRUCK SERVICES, a division of TESI LEASING, Inc., a California Corporation, on behalf of itself and all others similarly situated*

## ATTACHMENT A

Champion Laboratories, Inc. – 220 South Fourth Street, Albion IL  62806

United Components, Inc. – 14601 Highway 41 N., Evansville, IN  47725-9357

Purolator Filters N.A. LLC – 3200 Natal Street, Fayetteville, NC  28306

Honeywell International, Inc. – 101 Columbia Road, Morris Township, NJ  07962

Wix Filtration Corp. LLC – 1 Wix Way, Gastonia, NC  28054

Cummins Filtration, Inc. – 1801 Hwy. 51 / 138, P.O. Box 428, Stoughton, WI  53589

The Donaldson Company – 1400 West 94th Street, Minneapolis, MN  55431

Baldwin Filters, Inc. – 440 E. Hwy. 30, Kearney, NE  68848-6010

Bosch U.S.A. – 2800 S. 25th Avenue, Broadview, IL  60155-4594

Mann + Hummel U.S.A., Inc. – 6400 S. Sprinkle Road, Portage, MI  49002-9706

Arvinmeritor, Inc. – 2135 West Maple Road, Troy, MI  48084